IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  09 B 44643 |
| BOSTON BLACKIES MANAGEMENT, COMPANY, INC., et al., | ) ) | Honorable Jack B. Schmetterer (Jointly Administered) |
| | ) | |
| Debtors and Debtors-In-Possession | ) | Adversary Case _____ |
| | ) | |
| | ) | |
| BOSTON BLACKIES MANAGEMENT, COMPANY, INC., et al., | ) ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DAVID OFMAN, SYSCO CHICAGO, INC., a Corporation, RBS CITIZENS, N.A. d/b/a CHARTER ONE, as successor by merger with CHARTER ONE BANK, N.A., GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, FIFTH THIRD BANK, a Michigan Banking Corporation, KURT KRUEGER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

NOW COME the above captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through their counsel, QUERREY & HARROW, LTD., and hereby allege for their complaint as follows:

**Summary of Action**

1. This adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(7), 7001(7), 7001(9), and 7065, for a judgment, pursuant to Section 105 of the Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), to enjoin the above-captioned Defendants, DAVID OFMAN, SYSCO CHICAGO, INC., a Corporation, RBS CITIZENS, N.A. D/B/A

CHARTER ONE, as successor by merger with CHARTER ONE BANK, N.A., GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, FIFTH THIRD BANK, a Michigan banking corporation, and KURT KRUEGER (collectively the "Defendants") from continued prosecution of six (6) lawsuits, ("The Lawsuits"):

- A pending action in the Circuit Court of Cook County, County Department, Law Division entitled *RBS Citizens, N.A. d/b/a Charter One, as successor by merger with Charter One Bank, N.A. v. Chris Giannis, individually, Boston Blackies Management, Inc., Boston Blackies Naperville, LLC Boston Blackies of Lincoln Park, LLC; Boston Blackies of Skokie, Inc. Boston Blackies of Arlington Heights, LLC, Boston Blackies of Riverside Plaza, Inc., Boston Blackies of Winnetka, Inc., Boston Blackies of Lake Cook Plaza, Inc., and Boston Blackies of 164 Grand, Inc.,* Case No. 2009-L-2708 (the "RBS Suit" is attached as Exhibit "A");

- A pending action in the Superior Court of Arizona, County of Maricopa entitled *General Electric Capital Corporation v. Nick Giannis and Donna Giannis, individually and as husband and wife and Chris Giannis, an individual,* Case No. CV2009-025563 (the "GECC Suit" is attached as Exhibit "B");

- A pending action in the Circuit Court of Cook County, Illinois, County Department, Law Division, entitled *Fifth Third Bank, a Michigan Banking corporation v. Chris Giannis,* Case No. 2009-L-005297 (the "Fifth Third suit" is attached as Exhibit "C");

- A pending action in the Circuit Court of Cook County, Illinois County Department, Law Division entitled, *Ofman v. Boston Blackies of Winnetka, Inc., and Nick Giannis,* Case No. 2009-L-003041 (the "Ofman Suit" is attached as Exhibit "D");

- A pending action in the Circuit Court of Cook County, County Department, Law Division entitled, *Sysco Chicago, Inc. v. Giannis Enterprises, Inc., a dissolved Illinois Corporation d/b/a Boston Blackies Naperville, LLC, an Illinois Liability Company, Boston Blackies Lake Cook Plaza, Inc., an Illinois Corporation, Boston Blackies of Winnetka, Inc., an Illinois Corporation, Boston Blackies of Riverside Plaza, Inc., an Illinois Corporation, Boston Blackies Arlington Heights, Inc., a dissolved Illinois Corporation, Boston Blackies of Lincoln Park, LLC, an Illinois limited liability company, Boston Blackies of Skokie, Inc., an Illinois Corporation, Boston Blackies of Grand Ave., Inc., t/a Boston Blackies Grand LLC, an Illinois Limited Liability Company n/k/a Boston Blackies Naperville, LLC, an Illinois Limited Liability Company; Boston Blackies/Arlington Heights Mgmt., Nick Giannis, individually and Chris Giannis, individually, Case* No. 09-L-5373 (the "Sysco Suit" is attached as Exhibit "E"); and

- A pending action in the Circuit Court of Cook County, Municipal Division, Municipal Department, First District entitled *Krueger v. Chris Giannis, Donna Giannis, Nick Giannis, Boston Blackies' Properties, V, LLC, Boston Blackie's Properties, LLC, Boston Blackies Management, Inc., and Unknown Occupants,* Case No. 2009-M1-726728 (the "Krueger Suit" is attached as Exhibit "F").

2. On November 24, 2009, (the "Petition Date"), Boston Blackies Management, Inc., and six of its affiliates, (Boston Blackies Lake Cook Plaza, Inc., Boston Blackies of Riverside Plaza, Inc., Boston Blackies of Winnetka, Inc., 164 Grand Inc., Boston Blackies of Naperville, LLC and Boston Blackies of Arlington Heights, LLC) (collectively, "Debtors") filed their respective voluntary petitions in this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections §§1107(a) and 1109 of the Bankruptcy Code.

3. On December 1, 2009, this Court entered an order pursuant to 11 U.S.C. §1015(b), allowing for the joint administration of seven affiliated Boston Blackies Chapter 11 bankruptcy cases identified in paragraph 2. Along with being affiliated entities as it is defined by 11 U.S.C. §101(2)(D), the Debtors have common corporate directors/officers and company members. Nick Giannis & Donna Giannis (husband and wife) and Chris Giannis, their son are the principal directors, officers and members of each Debtor[1]. The Giannis family is critical to the ongoing operations of the Debtors.

4. This is a crucial time in the Debtors' restructuring. In the past month, Debtors have entered into a contract with Trigild, Inc., an expert in restaurant restructuring to assist in reducing their management costs and overhead. Additionally, General Electric Capital Corporation ("GECC") has invested $500,000.00 in post-petition financing to assist the Debtors

---

[1] Except that Fitzgerald holds a 10% interest in Boston Blackies of Naperville, LLC and Rona Keller holds a 30% interest in Boston Blackies of Lake Cook Plaza, Inc.

3

in their continued operations. While there are over 600 employees at eight separate restaurant locations with nine leases, there is substantial work left to do.

5.  Debtors face a challenging economic climate. With the down turn in the economy, which began in September 2008, many customers have reduced discretionary spending which includes restaurant dining.

6.  Debtors need to remain steadfast in their efforts to employ and develop additional restructuring initiatives in order to continue their restaurant operations to deliver "consistently good food at a reasonable price."

7.  Effective restructuring will require 100% focus of Debtors' management, who have already committed tireless efforts to working with Trigild to continue uninterrupted hospitality and food service. This is an especially difficult time for Debtors' key officers, Nick Giannis, Donna Giannis and Chris Giannis to face collateral litigation in Illinois and Arizona both in state and federal courts.

8.  The continued prosecution of The Lawsuits identified in paragraph 1 will clearly disrupt Debtors' reorganization efforts resulting in great risk to all of Debtors' creditors.

9.  Pursuant to Section 105 of the Bankruptcy Code and 28 U.S.C. §1651, the Debtors seek to enjoin prosecution of The Lawsuits during the pendency of the Chapter 11 Cases.

**Jurisdiction and Venue**

10.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O).

11.  Venue of this action in this District is proper pursuant to 28 U.S.C. §1409.

12.     The statutory predicates for the relief requested herein are Sections 105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 7065 and 28 U.S.C. §1651.

**The Parties**

13.     The Debtors are plaintiffs in this adversary proceeding.

14.     Defendant DAVID OFMAN, ("Ofman") is the plaintiff in the Ofman Suit. On information and belief, by his own allegations, Ofman is a resident of the State of Illinois and resides in Cook County, Illinois.

15.     Defendant, SYSCO CHICAGO, INC., ("Sysco") is the plaintiff in the Sysco Suit. On information and belief, Sysco is a corporation doing food service business in the State of Illinois.

16.     Defendant, RBS CITIZENS, N.A. D/B/A CHARTER ONE, ("RBS") as successor by merger with CHARTER ONE BANK, N.A. is the plaintiff in the RBS Suit. On information and belief, by its own allegations, RBS is a national banking association with an office at 71 South Wacker Drive in Chicago, Illinois, 60606.

17.     Defendant, GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation in the plaintiff in the GECC Suit.

18.     Defendant, FIFTH THIRD BANK, a Michigan banking corporation is the plaintiff in the Fifth Third suit. On information and belief, Fifth Third is doing business at 1710 W. Golf Road in Rolling Meadows, Cook County, Illinois 60008.

19.     Defendant, KURT KRUEGER is an individual residing in the State of Illinois and the landlord at a location commonly known as 1237-1247 W. Fulton Street in Chicago, Illinois.

### Background

20.    In order to obtain financing to continue their restaurant operations, the Giannises, as officers/members of Debtors executed personal guaranties of most, if not all, financing procured for the benefit of Debtors.

21.    With the economic decline's devastating affect on the restaurant and hospitality business, Debtors were not able to meet their financial repayment agreements and many of their secured lenders sought collection on the guaranties of the same.

22.    Debtors filed their petitions on November 24, 2009 and continue to operate their businesses and manage their restaurant properties as debtors-in-possession.

23.    The Debtors' activities and priorities over the next several months include:

    a)    embarking on additional restructuring initiatives, including cost cutting on overhead etc. and efficiency improvements in management;

    b)    formulating an negotiating the terms of a plan or reorganization with the secured creditors and post-petition financiers;

    c)    aid Trigild in the day to day management of the business;

    d)    negotiating agreements with vendors and landlords;

    e)    setting realistic goals for the reorganization process; and

    f)    attending creditors meetings and court hearings in order to facilitate the bankruptcy process.

### Basis For Relief – Section §105 Injunction

24.    The Debtors repeat and reallege the allegations contained in Paragraphs 1 -24 of this Complaint as if fully set forth herein.

25.    The Debtors seek a permanent injunction staying the continued prosecution of The Lawsuits identified above in paragraph 1 under Section 105(a) of the Bankruptcy Code and

28 U.S.C. §1651 until the effective date of the Debtors' plan of reorganization or further order of this Court.

26. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

27. Relief under Section 105 is necessary to protect a debtor's ability to confirm a plan and to preserve the property of the debtors' estate. For the reasons stated herein, pursuant to Section 105, the Court should enjoin the Defendants from further prosecution of The Lawsuits because the continued prosecution of that litigation will diminish the Debtors' prospects for successfully confirming their plan and will interfere with property of the Debtors' Chapter 11 estate.

28. Pursuant to the broad powers of Section 105(a) and the applicable case law, a bankruptcy court may enjoin actions against non-debtors under various circumstances, including situations whereby non-debtor claims may affect property and administration of the debtor's estate.

29. An injunction under Section 105 is warranted in this case for the following reasons:

(a) First, the RBS Suit seeks judgment in the amount of $1,048,221.46 for among other things, breach of contract for overdrawn balances on eleven commercial checking accounts.

(b) Second, the GECC Suit seeks a judgment of $5,751,891.94 based on guarantees executed by Donna, Nick and Chris Giannis guaranteeing payment and performance of several of Debtors obligations under a Loan and Security Agreement.

(c) Third, the Fifth Third Suit seeks a judgment of $254,440.58 against Chris Giannis for breach of a promissory note for monies he lent to Boston Blackies of Arlington Heights, LLC for continued operation.

(d) Fourth, the Ofman Suit seeks a judgment against Nick Giannis, who executed a Stock Redemption Agreement on behalf of Boston Blackies of Winnetka, Inc. ("BBW") pursuant to which BBW purchased from Ofman all of his shares in BBW for $250,000.00. Ofman seeks his recovery against Giannis pursuant to a personal guaranty wherein he is alleged to have personally guaranteed the performance of BBW's obligations under the Stock Redemption Agreement.

(e) Fifth, the Sysco Suit seeks a judgment in the sum of $1,227,558.28 in goods, services and merchandise sold to the Giannis Enterprises, Inc. etc. pursuant to a Credit Accommodation Contract. Sysco seeks recovery against both Chris and Nick Giannis based on personal guarantees executed guaranteeing the monies due Sysco.

(f) Sixth, the Krueger Suit seeks judgment against Chris, Donna and Nick Giannis presumably pursuant to guarantees for payments due under a lease of its Fulton Street restaurant location.

30. If the Court does not enjoin The Lawsuits, Debtors will suffer irreparable harm, including without limitation:

(a) **Potential Impairment of the Debtors' Assets**: Any adverse judgments against Chris, Donna or Nick Giannis could give rise to claims against the Debtors' for indemnification, including individual defense costs and any and all related liability.

(b) **Diversion of People Key to Debtors' Restructuring**: As stated above, the Giannises play critical roles in the Debtors' reorganization. Diverting any of their time from

the reorganization to defend The Lawsuits would be a wasteful distraction with potentially significantly negative consequences. The Giannises would be required to appear for depositions in the GECC case pending in Arizona, which would take them away from the operations of the restaurants and preparation of the Plan. Further, The Lawsuits seek to force the Giannises to take actions without regard to the administration of the Debtors' estates. If the Court does not enjoin prosecution of The Lawsuits at this time, the Debtors' legal staff, employees, and professionals will be forced to expend significant time responding to discovery and preparing a defense.

31. In sum, without relief, The Lawsuits will drain the Debtors' bankruptcy estates of cash and resources, interfere with the Debtors' administration of their bankruptcy estates, and impair the Debtors' prospects for confirming their plan of reorganization.

32. There is a substantial likelihood that the Debtors will be able to confirm a plan of reorganization.

33. The injunctive relief sought by the Debtors is reasonable, necessary, and appropriate to allow the Debtors to complete the reorganization process, and to provide them with an unobstructed opportunity to confirm their plan of reorganization.

34. The likelihood of irreparable harm to the Debtors and their creditor body in the absence of injunctive relief far outweighs any harm to six plaintiffs. No substantive rulings have been made in any of The Lawsuits.

35 The injunctive relief requested herein will serve the public interest by promoting compliance with the automatic stay and furthering the Debtors' successful confirmation of their plan of reorganization.

36. Based on the foregoing, the Debtors seek an injunction under Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from the prosecution of the six suits.

WHEREFORE, Debtors respectfully request the following relief:

(a) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the RBS Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court;

(b) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the GECC Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court;

(c) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the Fifth Third Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court;

(d) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the Ofman Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court;

(e) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the Sysco Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court;

(f) an injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. §1651 enjoining and prohibiting the Defendants from prosecuting the Krueger Suit other than pursuant to the terms of the plan to be confirmed in these cases or an Order of the Court; and

    (g)    any additional relief this Court finds just and equitable.

BOSTON BLACKIES MANAGEMENT
COMPANY, INC.

By: */s/ Eileen M. Sethna*
      One of its attorneys

Robert R. Benjamin, (ARDC 0170429)
Beverly A. Berneman (ARDC 6189418)
Eileen M. Sethna (ARDC 6276640)
QUERREY & HARROW, LTD.
Attorney for Debtors
175 W. Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
Telephone: (312) 540-7000
Facsimile: (312) 540-0578